IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| DEONDRAY MASON, #2198087, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 6:20-cv-570-JDK-JDL |
| R. SANCHEZ, et al., | § § § | |
| Defendants. | § § § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Deondray Mason, a Texas Department of Criminal Justice inmate proceeding pro se, brings this civil rights lawsuit under 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636.

On September 8, 2021, Judge Love issued a Report and Recommendation recommending that the Court dismiss this case with prejudice for failure to state a claim upon which relief can be granted, as Plaintiff's claims are barred by the relevant statute of limitations. Docket No. 21. Judge Love also found that, pursuant to 28 U.S.C. § 1404(a), Plaintiff's claims regarding the Bill Clements Unit should proceed in the Northern District of Texas, where Plaintiff had already filed a complaint raising those allegations. Plaintiff timely objected. Docket No. 22.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28

U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

In his objections, Plaintiff first argues that his claims regarding the June 12, 2018 incident should not be dismissed based on the statute of limitations. Docket No. 22 at 1. Plaintiff essentially reiterates the same claims from his complaint. *Id.* This objection is without merit because the limitations period began to run the moment that Plaintiff became aware that he suffered an injury. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). As Judge Love's Report explained, Plaintiff was aware of his claim on June 12, 2018, when the alleged incident occurred, and must have filed his complaint by June 12, 2020 to have timely brought the claim within the statutory period. Docket No. 21 at 4. Because Plaintiff did not file his complaint in federal court until October 16, 2020, his complaint is barred by the statute of limitations.

Plaintiff next objects that equitable tolling should apply because he has presented sufficient evidence that his mail has been tampered with. Docket No. 22 at 3. Plaintiff states that it is documented in the mail room as well as in the Amarillo post office that there are mailing issues. Plaintiff states that his family members can prove that his mail is being tampered with. Plaintiff also states that around this same time, he filed another claim against the Gurney Unit regarding an inmate being

poisoned.  But Plaintiff's conclusory allegations that there is mail tampering do not justify equitable tolling.  As Judge Love's Report stated, the record shows that the Court has received Plaintiff's filings and Plaintiff has received the correspondence from the Court.  Docket No. 21 at 5.

Finally, Plaintiff objects that he never stated anything about incidents occurring at the Bill Clements Unit, merely that a TDCJ employee witnessed Plaintiff attempt to send his mail to the FBI office.  Docket No. 22 at 2.  But Plaintiff stated in his response that the new incidents he was alleging occurred at the Bill Clements Unit.  Docket No. 15 at 6.  Any such claims should proceed in the Northern District of Texas for the convenience of the parties.  28 U.S.C. § 1404(a).

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit.  Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 21) as the opinion of the District Court.  Plaintiff's claims are **DISMISSED** without prejudice for failure to state a claim upon which relief can be granted.

So **ORDERED** and **SIGNED** this **23rd** day of **September, 2021.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE